1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

DISTRICT OF NEVADA

9

* * *

10

ROGER HULL,

Case No. 3:12-cv-00476-MMD-VPC

11

Petitioner,

ORDER

12

v.

13

JACK PALMER, et al.,

14

Respondents.

15

16    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28

17    U.S.C. § 2254, by a Nevada state prisoner.  Petitioner has paid the required filing fee.

18    (Dkt. no. 6.)  Pending before the Court is the first amended petition for a writ of habeas

19    corpus pursuant to 28 U.S.C. § 2254.  (Dkt. no. 4.)

20    The amended petition will be served upon the respondents, but the respondents

21    will not yet be required to respond to it.  The amended petition asserts that the criminal

22    statutes under which petitioner was convicted lack the enacting clause required by the

23    Nevada Constitution.  Other than entitling Ground 1 of the amended petition as a "due

24    process" violation, petitioner has not presented this Court with a federal issue.  Unless

25    an issue of federal constitutional or statutory law is implicated by the facts presented,

26    there is no cognizable claim under federal habeas corpus.  *Estelle v. McGuire*, 502 U.S.

27    62, 68 (1991).  Petitioner must file a second amended petition that adequately alleges a

28    viable federal ground for habeas relief.

Additionally, it appears that the grounds for relief in the amended petition are currently unexhausted in state court.  Petitioner claims that because he is "not actually challenging his conviction but challenging the validity and constitutionality of the law in which he was convicted of" [sic], this Court has original jurisdiction."  (Dkt. no. 4, at p. 3.)  Petitioner is mistaken.  Petitioner's claims, which attack the validity of the Nevada state statutes under which he was convicted, are an attack on the constitutionality of his conviction. Therefore, pursuant to 28 U.S.C. § 2254(b), he must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).

A federal court cannot hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief.  *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).  If a single one of the claims in the petition is unexhausted, therefore, the Court is obliged to dismiss the petition for lack of exhaustion.  After reviewing the petition in this case, it appears to the Court that all of petitioner's claims may be unexhausted.

From the face of the amended petition, at page 1, petitioner has admitted that his claims for relief have not yet been exhausted in state court.  (Dkt. no. 4.) If this information is inaccurate, then petitioner should file a second amended petition, specifically showing when and how he exhausted his stated grounds for relief in the Nevada state courts.

IT IS THEREFORE ORDERED that the Clerk shall electronically serve the amended petition for writ of habeas corpus (dkt. no. 4) on the respondents. Respondents shall not answer or otherwise respond to the petition until further order of the Court.

IT IS FURTHER ORDERED that petitioner shall file, within thirty (30) days, a second amended petition showing when and how he exhausted the stated grounds for

relief.   The second amended petition shall also specifically allege a federal basis for relief.   Petitioner's failure to comply with this order will result in the dismissal of the petition.

DATED THIS 14th day of May 2013.


_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE