UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER HULL,<br><br>                   Petitioner,<br>     v.<br><br>JACK PALMER, et al.,<br><br>                  Respondents. | Case No. 3:12-cv-00476-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

By order filed May 14, 2013, the Court ruled that the amended petition was subject to dismissal because the petition failed to state a claim for habeas relief and claims in the petition were unexhausted. (Dkt. no. 8.)

Petitioner filed two (2) motions for a stay. (Dkt. nos. 9 & 11.) In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Id.*; *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008). In the instance case, the unexhausted claims are not potentially meritorious and petitioner has not shown good cause for the failure to exhaust his claims in state court. The motion for a stay is

denied. This action is dismissed for failure to exhaust claims in the amended petition and for failure to state a cognizable habeas claim. See *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

It is therefore ordered that petitioner's motions for a stay (dkt. nos. 9 & 11) are denied.

It is further ordered that this action is dismissed without prejudice for failure to state a cognizable habeas claim and failure to exhaust claims.

It is further ordered that petitioner may file a new habeas petition in a new action, once his claims are exhausted, but shall file no further documents in this case.

It is further ordered that petitioner is denied a certificate of appealability. Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

DATED THIS 3rd day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE